_JjTOBIAS, J.,
CONCURS.
■ While I agree with the result rendered by the majority, I find that the Louisiana Civil Code addresses simply the factual issues presented in this matter.
Normally, “[a]n obligor in good faith is liable only for the damages that were foreseeable at the time a contract is made.” La. C. C. art. 1996. However, when the obligor is in bad faith, he “is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform.” La. C. C. art. 1997.
The trial court granted Coulig’s motion for partial summary judgment on Ms. Bill-ups’ allegation of fraud. This result is correct for the reasons assigned by the majority. However, in order to award damages for mental anguish, inconvenience, and aggravation, the trial court had to find that the Lyonses and/or Couhig were in bad faith.[1] The fact that Ms. Billups was not a party to the WDIR does not prevent the award of damages for the bad faith breach of contract because Couhig knew that the lender would rely on the misrepresentations made therein. It was not necessary that Ms. Billups be a party to the WDIR as she was in essence a third-party beneficiary to . the contract. See La. C. C. art. 1978, et seq. Because of pthe nature of their business, Couhig, knew that without a clean WDIR, a lender would not loan money to purchase real property. The lender, and indirectly the plaintiff, relied on Couhig to inspect the property and render an accurate WDIR. This Couhig failed to do so by sending an unlicensed inspector to the subject proper *508 ty, who forged the signature of á licensed inspector to the WDIR. The misrepresentations contained in the WDIR were a cause-in-fact of the harm sustained by Ms. Billups and she is entitled to recover not only actual damages, but also her general damages. Similarly, the misrepresentations of the Lyones were a cause-in-fact of Ms. Billups’ damages.
I further find neither the apportionment of fault nor the award of damages to be manifestly erroneous.

. The award of damages against the Lyonses is based on their own bad faith as found in La. C. C. art. 2545: when a seller knows of the defect in the thing sold, he is liable for damages and reasonable attorney fees, it is apparent from the record that the Lyonses knew of the active termite infestation, yet did not disclosed that fact to either Ms. Billups or Couhig. The Lyones had ample opportunity to make the disclosure to either of them. In addition, the testimony established that the inspection took place at a time when active termite infestation would have been visible.